IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON MINTON, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  17-3012 |
| | § | |
| LIGHTHOUSE PROPERTY INSURANCE | § | |
| CORPORATION AND | § | |
| TIMOTHY MERCER | § | |
|     Defendants | § | |

## NOTICE OF REMOVAL

Defendant, Lighthouse Property Insurance Corporation ("Lighthouse" or "Defendant")
pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the action captioned as
Cause No. 2017-55913; *Jason Minton v. Lighthouse Property Insurance Corporation and
Timothy Mercer*; in the 157th Judicial District Court of Harris County, Texas.  In support of this
Notice of Removal, Defendant respectfully represents the following:

### I.

### FACTUAL BACKGROUND

**1.**    On August 21, 2017, Plaintiff Jason Minton ("Plaintiff") filed this lawsuit in Harris
County, Texas, naming Lighthouse and Mercer as defendants. The lawsuit is cause no. 2017-
55913, *Jason Minton v. Lighthouse Property Insurance Corporation and Timothy Mercer*, in the
157th Judicial District Court of Harris County, Texas.  The lawsuit is about a wind-and-hail claim
that Minton made arising out of a February 14, 2017, storm.  Plaintiff's Petition at ¶ 11.

**2.**    CT Corporation received service of the Petition on September 12, 2017, for Lighthouse.
Mercer was not properly served.  Citation was mailed by certified mail directed to him at his
place of employment, but Mercer did not sign for the package (someone named Salvador Palma

did, but Mercer's employer has no employee named Salvador Palma). Nor does the return receipt indicate what date the package was delivered to Salvador Palma. Upon information and belief, Mercer was not aware of the lawsuit or provided with a copy of the Petition until September 20, 2017. Lighthouse filed a state court answer on October 5, 2017, and Mercer has not yet made an appearance.

**3.**    Lighthouse files this Notice of Removal within 30 days of service of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446 (b). Also, this Notice of Removal is filed within one year of the commencement of this action. *See id.*

**4.**    As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this Notice of Removal, the following exhibits are attached hereto and incorporated herein by reference:

> **Exhibit 1:** a copy of Service of Process Transmittal, Citation, Certified Tracking Mail, certified mail receipt, and the domestic return receipt for service on Lighthouse
>
> **Exhibit 2:** a copy of the Citation, Certified Tracking Mail, certified mail receipt, and the domestic return receipt for service on Mercer (showing the mail was signed for by Salvador Palma, not Timothy Mercer)
>
> **Exhibit 3:** Plaintiff's Original Petition
>
> **Exhibit 4:** Lighthouse's Original Answer, Special Exceptions, and Defenses
>
> **Exhibit 5:** the state court Docket Sheet
>
> **Exhibit 6:** Index of Matters Filed
>
> **Exhibit 7:** List of All Parties and Counsel of Record
>
> **Exhibit 8:** Other certified documents from the state court file
>
> **Exhibit 9:** Notice of Removal to State Court

5.     A notice with a copy of this Notice of Removal is also being filed with the 157th Judicial District Court of Harris County, Texas, and served upon the Plaintiff on the same day this Notice of Removal is filed.

6.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because the district and division embrace Harris County, Texas, the place where the removed action has been pending.

## II.

### BASIS FOR REMOVAL

7.     Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446.  This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

   A.     **The Proper Parties Are of Diverse Citizenship.**

8.     Upon information and belief, Plaintiff is, and was at the time the lawsuit was filed, a resident of the State of Texas.  *See* Plaintiff's Original Petition, ¶ 2.

9.     Lighthouse is, and was at the time this lawsuit was filed, incorporated under the law of the State of Louisiana, and has its principal place of business in Florida.  It is authorized to do business in the State of Texas.

10.    Upon information and belief, Mercer is, and was at the time this lawsuit was filed, a resident and citizen of the State of Texas.  With respect to claims against Mercer, Lighthouse asserts that Mercer has been improperly joined in this action.  Therefore, Mercer's Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter and his consent is not needed for this removal.

11.    Because Plaintiff is a citizen of Texas and Defendant Lighthouse is a citizen of Louisiana, complete diversity of citizenship exists among the proper parties.

### B.     Timothy Mercer Was Improperly Joined in This Lawsuit.

**12.**     Plaintiff's Original Petition alleges that Mercer "engages in the business of adjusting insurance claims in the State of Texas." *See* Plaintiff's Original Petition, ¶ 6.  However, Plaintiff has improperly joined Mercer as a party to this lawsuit.

**13.**     A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law cause of action against the non-diverse defendant.[1]  Defendant would show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*.[2]  Mercer, an insurance adjuster, committed no tort or other offense in his individual capacity.

**14.**     When fraudulent or improper joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists.[3]  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent or improper joinder of that party.[4]

**15.**     The Court may conduct the *Smallwood* test using a Rule 12(b)(6) type analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery.[5] The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.[6] Additionally, "merely *pleading a*

---

[1] *Smallwood v. Illinois, Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999).

[2] *Smallwood*, 385 F.3d at 573.

[3] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817 (1990).

[4] *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

[5] *Smallwood*, 385 F.3d at 573.

[6] *Waters,* 158 F.R.D. at 109.

valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ."[7] In the context of joinder of non-diverse insurance adjusters, the Southern District has required Plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[8]

**16.**      Further, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). The purpose is to give the defendant "fair notice of what the claim is and the grounds upon which it rests."[9] And the complaint must plead "enough facts to state a claim to relief that is plausible on its face."[10] Yet, the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action."[11] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[12] And "[f]actual allegations must be enough to raise a right to relief above the speculative level."[13] "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility.[14]

---

[7] *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).

[8] *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10– 4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar. 25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (internal quotation marks and ellipsis omitted).

[10] *Id.* at 547.

[11] *Id.* at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[13] *Iqbal*, 556 U.S. at 679 (*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

[14] *Id.* at 663.

17.     Here, Plaintiff asserts generic claims against Mercer for violations of the Texas Insurance Code in violation of the Deceptive Trade Practices Act, Fraud, Negligence, and Gross Negligence. *See* Plaintiff's Original Pet., pp. 11-15. Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff to be able to establish liability against Mercer, because no real facts relating to him have been set forth that would establish any of the causes of action alleged against him. Only four paragraphs in the fact section relate to Mercer. *See* Plaintiff's Original Pet., ¶¶ 15-18.   Plaintiff's claims against Mercer consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.[15] As such, plaintiff cannot "establish a cause of action against [Mercer} in state court."[16] Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Mercer, his presence should be disregarded in determining diversity jurisdiction.

18.     Mercer has been improperly joined in this case because none of the claims asserted by Plaintiff provide a basis to recover against Mercer.  Mercer committed no independent tort in his individual capacity, and there is no possibility of Plaintiff establishing a cause of action against him.

19.     Plaintiff's claims against Mercer fail because Plaintiff does not allege any facts to show that Mercer could be held individually liable separate and apart from Lighthouse.  For the Texas Insurance Code Chapter 541 and DTPA allegations against Mercer, Lighthouse concedes that under Texas law individual adjusters like Mercer can be held individually liable for violations thereunder.[17]  For an adjuster to be held individually liable, however, "they must have committed

---

[15] *See Bell Atlantic Corp v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964 – 65, 167 F.Ed.2d 929, 940 (2007); *see also, Iqbal*, 556 U.S. 662.

[16] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (*citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zürich American Ins. Co.*, Civil Action No.  H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.).

[17] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d. 721, 724 (N.D. Tex.  2014).

some act that is prohibited by the section, *not just be connected to an insurance company's denial of coverage.*"[18]   Where, as here, Plaintiff does not assert facts to show that Mercer, individually, committed an actionable violation of the Texas Insurance Code and/or DTPA (and/or fraud or negligence) giving rise to damages that are independent of the alleged contractual harm caused by the insurer, such claims cannot survive dismissal.[19]

**20.**   Plaintiff does not allege that Mercer owed him any duty under the insurance policy or that he had the authority to bind Lighthouse with regard to the insurance policy.

**21.**   In this context, the Texas Southern District has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[20]

**22.**   The only specific factual allegations with regard to Mercer are as follows:

15.   Lighthouse assigned or hired Mercer to adjust the claim:

a.   Mercer had a vested interest in undervaluing the claims assigned to him by Lighthouse in order to maintain his employment.   The disparity in the number of damaged items in his report compared to that of Plaintiff's is evidence of fraud on the part of Mercer.   The valuation of damages that were included in Mercer's report compared to Plaintiff's is also evidence of fraud on the part of Mercer.

b.   Furthermore, Mercer was aware of Plaintiff's deductible before visiting the Property to conduct the inspection.   Mercer had advanced knowledge of

---

[18] *Id.*

[19] *See Nasti v. State Farm Lloyds*, 2014 WL 234352 (S.D. Tex. Feb. 24, 2014) (where petition alleged that adjuster inspected the property and submitted an undervalued estimate to the insurer, "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

[20] *Okenkpu v. Allstate Texas Lloyd's*, Civ, A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No, H-10-1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011); *Gonzales v. Homeland Ins. Co. of New York*, Civ. A, No. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A, No, 14-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, *6 (S.D. Tex. Mar. 25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H-10-2095, 2011 WL 1044206, *3 (March 16, 2001)).

what amount of damages he needed to find in order to find the claim below the deductible.

16. Lighthouse, through its agents, namely Mercer, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.  The initial adjustment of the claim occurred on or around May 17, 2017. Mercer found $423.91 in damage to the Property, which was below Plaintiff's deductible of $2,240.00.

18. Specifically, Mercer authorized the repair of .33 roof squares in the amount of $66.60 per square of roofing material for a total materials costs of $23.79. Mercer then took out over 75% in depreciation on the roofing material, leaving Plaintiff with $5.94 to purchase roofing materials. This is not appropriate depreciation of the roof material.   Mercer deliberately depreciated the material on the roof as if the roof was at the end of its lifespan, which it was not.  Plaintiff's estimator maintains that the shingles on Plaintiff's roof are rated for 25 years.  Furthermore, Plaintiff never received a copy of the photographs taken by Mercer or Lighthouse as part of its adjustment of his claim.

23.    Plaintiff, therefore, does not make any allegation of "specific actionable conduct" implicating Mercer separate and apart from the damages claimed for Lighthouse's assessment of the covered damages being less than the applicable deductible.[21]  Texas law is clear that to be liable for alleged Insurance Code violations, Mercer, individually, must have committed the violation that caused the harm.[22] Here, the alleged harm is Lighthouse's failure to pay the claim. Mercer's assessment and estimation of the damages to the roof, and the depreciation he applied to the roofing material, is not specifically actionable conduct.  Plaintiff's complaint about Mercer is simply that his adjustment was less than the Plaintiff's deductible, resulting in no payment on the claim.  There are no allegations to support the Plaintiff's claims against Mercer of fraud or

---

[21] *Griggs*, 181 F.3d at 700 (5th Cir. 1999) (holding that a showing of a possibility of establishing a state law claim requires the pleading of "specific actionable conduct" implicating the non-diverse defendant).
[22] *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F. Supp.2d 697 (S.D. Tex. 2007).

negligence, and nothing to establish causes of action against him that are distinct from the causes of action against Lighthouse.

24.     As a result, based on the sparse facts alleged in the Petition, there is no possibility of Plaintiff establishing a Chapter 541 claim, a DTPA claim, fraud, or negligence against Mercer.[23]

25.     Moreover, it is likely that Plaintiff has filed this lawsuit and joined Mercer as a defendant before September 1, 2017, in an effort to avoid the application of Section 542A of the Texas Insurance Code, and thereby avoid removal.  Section 542A was effective on September 1, 2017, and contains a mechanism through which insurance companies may prevent the joinder of individual "agents," which includes adjusters, to lawsuits, by electing to accept whatever liability an "agent" might have to the claimant.  Such an election prevents the agent from being named as a defendant, or, if the lawsuit has already been filed, results in the dismissal of the agent, thereby making the lawsuit effectively removable unless another non-diverse defendant is named.  Certainly, it was permissible for Plaintiff to file this lawsuit before the effective date of the new section 542A, but the fact that the lawsuit was filed before September 1, 2017, even though the statute of limitation does not expire until February 2019, supports Lighthouse's assertion that Mercer was improperly joined to avoid removal.

26.     This Court should find that Mercer was improperly joined for purposes of diversity jurisdiction and dismiss him from this lawsuit.

### C.     The Amount in Controversy Exceeds $75,000.00.

27.     This is a civil action in which the amount in controversy exceeds $75,000.  Plaintiff's Petition expressly alleges that "Plaintiff seeks only monetary relief of no less than $100,000, but no more than $200,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees." Plaintiff's Original Petition, ¶ 88.

---

[23] *Messersmith*, 10 F. Supp.3d. at 724.

### III.

### CONCLUSION AND PRAYER

28.     Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.

Lighthouse Property Insurance Company hereby removes this case to this Court for trial and

determination.

Respectfully submitted,

*/s/ Marjorie M. Salazar*
Marjorie M. Salazar
Attorney-in-charge
Texas Bar No. 24033030
Federal Bar No. 1121045
**THE MONSON LAW FIRM**
900 Rockmead Drive, Suite 141
Kingwood, Texas 77339
Telephone: (281) 612-1920
Facsimile: (281) 612-1971
marjorie@monsonfirm.com

ATTORNEY FOR DEFENDANT LIGHTHOUSE
PROPERTY INSURANCE CORPORATION

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded by
electronic service on this, the 9th day of October, 2017 to:

Chad T. Wilson
Kimberly N. Blum
Chad T. Wilson Law Firm
455 East Medical Center Boulevard, Suite 555
Webster, TX 77598

*/s/ Marjorie M. Salazar*
Marjorie M. Salazar