IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON MINTON, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-03012 |
| | § | |
| LIGHTHOUSE PROPERTY INSURANCE | § | |
| CORPORATION AND | § | |
| TIMOTHY MERCER | § | |
|     Defendants | § | |

**DEFENDANT LIGHTHOUSE PROPERTY INS. CORP.'S
MOTION TO COMPEL APPRAISAL AND TO STAY CASE**

Defendant, Lighthouse Property Insurance Corporation ("Lighthouse") files this Motion Compel Appraisal because Jason Minton ("Minton") refuses to participate in the appraisal process invoked by Lighthouse, even though he contractually agreed to submit to appraisal if either party to the contract invoked appraisal. Lighthouse also asks the Court to stay and/or abate the remainder of the proceedings until appraisal is completed.

**I.
SUMMARY OF THE ARGUMENT**

The Court should grant Lighthouse's Motion to Compel Appraisal, because there is a disagreement about the amount of loss, as evidenced by Minton's counsel's demand and filing of this lawsuit, and because Lighthouse has invoked the appraisal clause, but Minton refuses to participate in the appraisal process without a court order.

This suit arises out of a disagreement over the amount of loss and cost of repairs to Minton's property. On May 11, 2017, Minton reported that he had lifted and creased shingles due to the storm on February 14, 2017. He reported no interior damage. Lighthouse's investigation of the claim determined that the amount to repair the damage did not exceed the deductible. Minton's

disagreement with Lighthouse's determination of the amount of loss is evidenced by his retention of an attorney and by the filing of this lawsuit. The insurance policy between Lighthouse and Minton provides a specific mechanism for resolution of disputes about the amount of loss. Namely, the insurance policy's appraisal clause requires the parties, upon written demand of either, to submit to the appraisal process when they fail to agree on "the amount of the loss." Lighthouse invoked the appraisal clause to resolve this dispute, but Minton has refused to participate.

Texas courts consistently enforce appraisal provisions with virtually no exceptions.[1] As the Supreme Court of Texas held in *State Farm Lloyds v. Johnson,* 2090 S.W.3d 866 (Tex. 2009), courts have authority to and must order compliance with insurance policy appraisal clause, which is a condition precedent to suit against Lighthouse and the parties' contractually agreed mechanism for resolution of disputes about the amount of loss.

The Court should also stay this proceeding until the appraisal is complete, because the appraisal award will set the amount of loss. It is a waste of time and money for the parties to conduct discovery until the amount of loss is set; doing discovery about the amount of the loss would be irrelevant because the appraisal award will set the amount of loss. For the Court to spend its time of this matter while the appraisal is pending would similarly be a waste of judicial resources, because the appraisal will resolve the heart of the dispute underlying this case. Moreover, because appraisal is binding on the parties, if Lighthouse timely pays the appraisal award, Minton's breach of contract and bad-faith claims will be subject to dismissal. Accordingly, the Court should also stay this suit until completion of the appraisal process.

---

[1] Because the Texas Supreme Court has ruled on this issue, it is not necessary for the court to make an "Erie guess." See e.g. *Hamilton v. Segue Software Inc*., 232 F.3d 473, 479 (5th Cir. 2000) (holding that in the absence of a Texas Supreme Court ruling the court must make an "Erie guess" regarding Texas law on the subject). Instead, in this diversity action, the Court should apply the line of Texas Supreme Court decisions outlined in *Johnson* and that has since followed *Johnson.*

## II.
## FACTS REGARDING APPRAISAL

Lighthouse issued Policy No. LTM1001054 to Minton for the policy period of March 31, 2016 to March 31, 2017 (the "Policy").[2] On May 11, 2017, Minton reported that his property at 9603 Bending Willow Lane, Houston, Texas (the "Property"), sustained damage because of a February 14, 2017, windstorm. He reported lifted and creased shingles because of the storm, but no interior damage. Lighthouse determined that the damage was less than the applicable wind-or-hail deductible, which is $4,480.00. On May 19, 2017, Lighthouse sent a letter to Minton informing him that the estimated cost of repair for the damage was less than the deductible, and therefore Lighthouse owed no payment to Minton for the damage.[3]

After receipt of the below-deductible letter, Minton did not provide any further information in dispute of Lighthouse's evaluation of the loss. Rather, Minton retained counsel, who sent a demand letter to Lighthouse on July 26, 2017, demanding $132,868.23, of which $39,690.37 was stated to be for repairs to the Property, but did not include any documentation to support the demand.[4] On August 3, 2017, Lighthouse responded to the demand letter, asking Minton's counsel to "Please provide the estimates justifying your allegations and then we will request appraisal so that the exact amount of damage to the home from wind can be determined."[5] The letter further stated that "If you do not reply within 30 days, we will invoke to [sic] appraisal clause of the policy and proceed."[6] Lighthouse received no response to its August 3, 2017, letter. Rather, Minton filed this lawsuit on August 21, 2017.[7] Lighthouse was served with the lawsuit on

---

[2] Exhibit 1, a certified copy of the Policy, attached hereto and incorporated by reference for all purposes herein.
[3] Exhibit 2, May 19, 2017, letter from Lighthouse to Minton.
[4] Exhibit 3, July 26, 2017, letter from Minton's counsel to Lighthouse.
[5] Exhibit 4, August 3, 2017, letter from Lighthouse to Minton's counsel.
[6] *Id*.
[7] Record Doc. 1-3.

3

September 12, 2017.[8]  On September 21, 2017, Lighthouse, through undersigned counsel, sent a letter to Minton's counsel reiterating the request for documents to support Minton's demand, and reserving the right to demand appraisal.[9]  On September 22, 2017, Lighthouse's counsel sent a letter to Minton's counsel demanding appraisal and naming an appraiser.[10]  Minton's counsel responded to the email with the letter, saying that Minton would not agree to appraisal and that Lighthouse would have to file a Motion to Compel Appraisal.[11]  After removal of this case, Lighthouse's counsel has again conferred with Minton's counsel on November 3, 2017, to see if she would reconsider the refusal to participate in appraisal, but she would not.[12]

The Policy's appraisal provision provides:

**E. Appraisal**.

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.  In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other.  The two appraisers will choose an umpire.  If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located.  The appraisers will separately set the amount of loss.  If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will set the amount of loss.
>
> Each party will:
> **1.** Pay its own appraiser; and
> **2.** Bear the other expenses of the appraiser and umpire equally.

Exhibit 1, Policy, Form HO 00 03 10 00 (page 14 of 22).

---

[8] Record Doc. 1-2.
[9] Exhibit 5, September 21, 2017, letter from Lighthouse's counsel to Minton's counsel.
[10] Exhibit 6, September 22, 2017, letter from Lighthouse's counsel to Minton's counsel.
[11] Exhibit 7, September 22, 2017, email from Minton's counsel to Lighthouse's counsel.
[12] Exhibit 8, November 3, 2017, emails between Lighthouse's counsel and Minton's counsel.

## III.
## ARGUMENT & AUTHORITIES

### A. By Refusing to Participate in the Appraisal, Minton Has Failed to Comply with His Obligations Under the Policy.

Texas courts specifically enforce appraisal clauses in standard Texas policies and this Court must order Minton to participate in the appraisal process as required by the Policy.[13] The Supreme Court of Texas reaffirmed the mandatory nature and enforceability of appraisal clauses, a principle that has been followed for over 100 years, stating:

> Like any other contractual provision, appraisal clauses should be enforced. There may be a few times when appraisal is so expensive and coverage is so unlikely that it is worth considering beforehand whether an appraisal is truly necessary. But unless the "amount of loss" will never be needed (a difficult predication when litigation has yet to begin), appraisals should generally go forward without preemptive intervention by the courts.[14]

A Texas trial court's duty to compel appraisal is so strong that it has no discretion to deny it and mandamus will issue where the trial court fails to order appraisal.[15]

Moreover, the appraisal clause applies to questions of the amount of loss and cost of repairs "even if the parties' dispute involves causation."[16] The Court in *Johnson* specifically rejected the contention that issues of causation affecting the scope of the claim preempt the appraisal provision, stating:

> Appraisers must always consider causation, at least as an initial matter. An appraisal is for damages caused by a specific occurrence, not every repair a home might need. When asked to assess hail damage, appraisers look only at damage caused by hail; they do not consider leaky faucets or remodeling the kitchen. When asked to assess damage from a fender-bender, they include dents caused by the

---

[13] *See In re Allstate County Mut. Ins, Co.,* 85 S.W.3d 193, 196 n. 5 (Tex. 2002); *In re State Farm Lloyds,* 170 S.W.3d 629, 634-35 (Tex. App. - El Paso 2005, *orig. proceeding); Vanguard Underwriters Ins. Co. v. Smith,* 999 S.W.2d 448, 449 (Tex. App. - Amarillo 1999, *no pet.).*
[14] *See State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 888-89 (Tex. 2009) *(citing Scottish Union & Nat'l Inc. Co, v. Clancy,* 8 S.W. 630 (Tex. 1888)); *see also In re Allstate,* 85 S.W.3d at 196 (and cited cases).
[15] *See In re Universal Underwriters of Texas Ins. Co*., 345 S.W.3d 404, 412-413 (Tex. 2011); *In Re Cypress Texas Lloyds*, 419 S.W.3d 443 (Tex. App. – Beaumont 2012, *orig. proceeding); In re Allstate County Mut. Ins. Co.,* 85 S.W.3d at 196 n. 5; *In re State Farm Lloyds,* 170 S.W.3d at 634-35; *Smith,* 999 S.W.2d at 449.
[16] *Johnson,* 290 S.W.3d at 891.

5

collision but not by something else. Any appraisal necessarily includes some causation element, because setting the "amount of loss" requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else.[17]

Lighthouse properly and timely invoked the appraisal clause in the Policy. Minton's counsel sent an unsupported demand to Lighthouse on July 26, 2017, to which Lighthouse responded on August 3, 2017, by asking for support and indicating that once it received it, it would invoke the appraisal provision. Minton sent Lighthouse no such supporting evidence, but rather filed this lawsuit on August 21, 2017. After service of the lawsuit, Lighthouse reiterated its request for supporting documents, and on September 22, 2017, sent Minton's counsel a written demand for appraisal. Thus, Per the Policy and *Johnson*—and the line of cases following it—the appraisal clause applies, and appraisal is proper to determine the extent of damage caused by a covered peril.[18]

### B.    Appraisal is a condition precedent to litigation.

Texas Supreme Court has a long history of enforcing appraisal provisions in insurance policies. As early as 1888, the Court held that an appraisal provision in a fire insurance policy was valid and that compliance with the appraisal provision was a condition precedent to the insured's right of action.[19] In that early decision, the Court determined that, upon demand, the appraisal provision was a condition precedent to the right of action by the insured.[20] The Court emphasized that having bound themselves to such an agreement, "they cannot disregard it."[21]

In 1896, the Texas Supreme Court again reached the same conclusion in *American Fire*

---

[17] *Johnson,* 290 S.W.3d at 893.
[18] *See In re Allstate County Mut. Ins. Co.,* 85 S.W.3d at 195.
[19] *Scottish Union & National Insurance Co. v. Clancy,* 8 S.W. 630 (Tex. 1888).
[20] *Id.* at 631-32.
[21] *Id.*

6

*Ins. Co. v. Stuart*.²² In that case, the court determined that the terms of the policy required the insured to fully comply with the policy's requirements prior to bringing a lawsuit, which included the appraisal process.²³ Similar language appears in the Policy at issue here:

> **SECTION I — CONDITIONS**
>
> **G. Suit Against Us**
>
> > **1.** Except as provided in Paragraph 2., No suit or action can be brought against us *unless there is been full compliance with all of the terms under Section I of this Policy*. Action must be brought against us within two years and one day from the date the cause of action first accrues. Cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.
> >
> > **2.** With respect to suits brought in connection with claims for loss caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code:
> >
> > *No action can be brought against us unless there has been compliance with all the terms of this Policy*. The action must be brought before the earlier of the following:
> > a. Two years and one day from the date we accept or reject the claim; or
> > b. Three years and one day from the date of the loss that is the subject of the claim.
>
> Exhibit 1, Policy, Form LHTX 100 07 15, p. 4 of 7 (emphasis added in italics).

Over a century later, the Texas Supreme Court invoked its decision in *Scottish Union* in granting mandamus relief from a trial court's denial of an auto insurer's motion to compel appraisal.²⁴ Relying on *Scottish Union,* the Texas high court rejected the trial court's conclusion that the appraisal provision was an unenforceable arbitration provision.²⁵ The Texas Supreme Court concluded that the trial court clearly abused its discretion in denying appraisal and that the insurer had no adequate remedy

---

²² *See American Fire Ins. Co. v. Stuart,* 38 S.W. 395 (Tex. 1896).
²³ *Id.* at 396.
²⁴ *See In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 194-95 (Tex. 2002).
²⁵ *Id.* at 195 (citing *Scottish Union*, 8 S.W.at 631).

by appeal because the denial of an appraisal vitiates or severely compromises the insurer's ability to defend a breach of contract claim.[26]

In 2009, the Texas Supreme Court reaffirmed that appraisal is a condition precedent and enforced an appraisal provision in a homeowner's policy in *State Farm Lloyds v. Johnson*.[27] In *Johnson,* the insured homeowner sought appraisal and the insurer resisted, arguing that appraisal was inappropriate because the dispute was over causation rather than the amount of loss.[28] The Court again cited to *Scottish Union*'s holding that appraisal is a condition precedent to suit.[29]

In *Johnson,* the Texas Supreme Court's comments are clear that an insured has a high burden to avoid appraisal. *Johnson* recognized "appraisal is intended to take place before suit is filed" and "[a]llowing litigation about the scope of appraisal before the appraisal takes place would mark a dramatic change in Texas insurance practice, and surely encourage much more of the same."[30] Because appraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings, "[i]t would be a rare case in which appraisal could not be completed with less time and expense than it would take to file motions contesting it."[31] Moreover, "unless the 'amount of loss' will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts."[32]

In this case, the parties agree there is coverage under the Policy for windstorm damage for the claim at issue, but they disagree on the amount of such loss. Nevertheless, Minton refuses to comply with Lighthouse's appraisal demand. These are the precise circumstances in which Texas courts have repeatedly held that appraisal should proceed, and litigation must be stayed until the

---

[26] *See In re Allstate County Mut. Ins. Co.*, 85 S.W.3d at 196.
[27] *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009).
[28] *Id.* at 890-95.
[29] *Id.* at 894 (citing *Scottish Union*, 8 S.W. at 631-32).
[30] *Id.* at 894 (citing *Allstate*, 85 S.W.3d at 196).
[31] *Id.*
[32] *Id.* at 895.

appraisal process is complete.[33] Lighthouse respectfully requests this Court enforce Lighthouse's contractual right to have the amount of loss appraised.

C. **Staying the Lawsuit Until Appraisal Is Complete Is Proper and Will Save the Court and the Parties Time and Money.**

Pursuant to the parties' contractual agreement, Minton must comply with the Policy's conditions precedent prior to litigating his claims under the Policy. In *Johnson,* the Texas Supreme Court recognized "[f]irst, appraisal is intended to take place before suit is filed; this Court and others have held it is a condition precedent to suit."[34] A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation.[35] Since Minton has failed comply with Lighthouse's demand for appraisal but proceeded to file this lawsuit, the lawsuit must be abated pending the completion of appraisal.

The Policy expressly makes Minton's compliance with an appraisal demand a condition precedent to bringing a lawsuit under the Policy. The Fourteenth Court of Appeals addressed this a very similar policy provision and applied *Johnson* to hold that abatement is the proper remedy to enforce appraisal when the policy makes it a condition precedent to litigation:

> The insurance policy in this case specifically provides that all requirements of the policy must be met before suit may be filed. Therefore, appraisal is a condition precedent to suit. *See State Farm Lloyds,* 290 S.W.3d at 894. The failure to submit a claim to an appraisal under the terms of an insurance policy before bringing a lawsuit is grounds for sustaining a plea in abatement. . . . An insurer's remedy to enforce a condition precedent in its policy is abatement of the case.[36]

---

[33] *Scottish Union,* 8 S.W. at 631-32; *In re Allstate,* 85 S.W. 3d at 196; *Johnson,* 290 S.W.3d 894; *see also In re Slavonic Mutual Fire Insurance Association,* 308 S.W.3d 556 (Tex. App. - Houston [14th Dist.] 2010, *orig. proceeding*), *overruled on other grounds by In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 405–07 (Tex. 2011)

[34] *Johnson,* 290 S.W.3d at 894 (Tex. 2009).

[35] *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992).

[36] *Lidawi v. Progressive County Mut. Ins. Co.,* 112 S.W.3d 725, 735 (Tex. App.—Houston [14th Dist.] 2003, no pet.); see also, *In re Slavonic,* 308 S.W.3d at 564-65 (emphasis added); *Glens Peters,* 386 S.W.2d 529 (Tex. 1965) (holding that failure of insured to submit his or her claim to appraisal under terms of policy before bringing a lawsuit is ground for sustaining plea in abatement); *Vanguard Underwriters Ins. Co. v. Smith,* 999 S.W.2d 448, 451 (Tex. App. - Amarillo 1999, orig. proceeding) (same).

9

In addition, moving forward with this case by conducting discovery before the appraisal process sets the amount of loss would be a waste of the parties' time and money.  For the Court to spend its time of this matter while the appraisal is pending would similarly be a waste of judicial resources, because the appraisal will resolve the heart of the dispute underlying this case. Moreover, because appraisal is binding on the parties, if Lighthouse timely pays the appraisal award, Minton's breach of contract and bad-faith claims will be subject to dismissal. Accordingly, the Court should also stay this suit until completion of the appraisal process.

## IV.
## CONCLUSION

WHEREFORE, Defendant, Lighthouse Property Insurance Corporation, respectfully requests this Court:

(A) enter an Order compelling Minton to participate in the appraisal process to determine all appraisable issues, including, but not limited to, the amount of loss or damage caused by the February 14, 2017, windstorm, for all coverages, and

(B) enter an Order staying and/or abating this litigation until the appraisal process has been completed.

Respectfully submitted,

*/s/ Marjorie M. Salazar*_____
Marjorie M. Salazar, Attorney-in-Charge
Texas Bar No. 24033030
Federal Bar No. 1121045
marjorie@monsonfirm.com
**THE MONSON LAW FIRM**
900 Rockmead Drive, Suite 141
Kingwood, Texas 77339
Telephone:  (281) 612-1920
Facsimile:  (281) 612-1971

Attorney for Defendant Lighthouse Prop. Ins. Corp.

**CERTIFICATE OF CONFERENCE**

This is to certify that Marjorie Salazar, counsel for the movant herein, conferred on November 3, 2017, with counsel for the respondent, Kimberly Blum, about the relief requested in this motion, and counsel were unable to resolve the issue.

                                              */s/ Marjorie M. Salazar*
                                              Marjorie M. Salazar

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded by electronic service on this, the 6th day of November, 2017 to:

Chad T. Wilson
Kimberly N. Blum
Chad T. Wilson Law Firm
455 East Medical Center Boulevard
Suite 555
Webster, TX 77598

                                              */s/ Marjorie M. Salazar*
                                              Marjorie M. Salazar