IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON MINTON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 17-3012 |
| LIGHTHOUSE PROPERTY INSURANCE | § | |
| CORPORATION AND TIMOTHY | § | |
| MERCER, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT LIGHTHOUSE PROPERTY INSURANCE CORPORATION'S MOTION TO COMPEL APPRAISAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Jason Minton, Plaintiff herein, and files this Response to Defendant Lighthouse Property Insurance Corporation's ("Lighthouse") Motion to Compel Appraisal and to Stay Case, and respectfully shows the following:

### I.   FACTUAL BACKGROUND

1. Plaintiff purchased a Lighthouse homeowner's insurance policy number LTM1001054 ("the Policy") to cover his home located at 9603 Bending Willow Lane, Houston, Texas ("the Property"). On or about February 14, 2017, a severe wind and hail storm passed through the area and damaged Plaintiff's Property. Plaintiff filed a claim with Lighthouse, and Lighthouse assessed the damage below Plaintiff's deductible.

2. Independent adjuster Tim Mercer ("Mercer") was assigned to inspect and adjust the loss on or about May 17, 2017. After his investigation, Mercer found that 0.33 squares of the roof needed to be replaced, and no further damage in the amount of $423.91. On July 26, 2017, Plaintiff

sent Lighthouse an official statutory demand. It was not until after receipt of this demand did Lighthouse express any interest in the appraisal process. It is all too clear Lighthouse is attempting to use appraisal as a litigation tactic. The impasse occurred prior to Plaintiff filing suit when Lighthouse determined that the storm damage was below Plaintiff's deductible.

3. The Court should not compel appraisal and stay this case because 1) Lighthouse's appraisal language is clearly one-sided and is being used as a litigation tactic to prejudice Plaintiff's right to prove up his case; 2) appraisal does not have any bearing on Plaintiff's multiple claims for breach of contract and extra-contractual damages; and 3) Plaintiff has a right to pursue additional claims that would remain post-appraisal.

## II. ARGUMENT AND AUTHORITY

### A. Defendant's appraisal language prejudices Plaintiff's litigation rights.

4. According to the Supreme Court of Texas, "[a]ppraisals can provide a less expensive, more efficient *alternative* to litigation." *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (emphasis added). Because of this sentiment, courts have been very acquiescent in granting appraisal when it is properly invoked. However, the court in *Universal Underwriters* outlined several instances where appraisal is inappropriate. Since appraisal is a contractual right under the policy given to both parties, it cannot be invoked when it would cause prejudice to one party. Such an example of prejudice would be when appraisal is used as a tool to gain an unfair advantage in the litigation process. *Id*. at 411 (citing *In re Tyco Int'l Ltd*. Sec. Litig., 422 F.3d 41, 47 n. 5 (1st Cir. 2005)). "[A] party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008).

5. Defendant's appraisal clause contains the standard appraisal language which says that "if you and we fail to agree on the amount of the loss, either may demand an appraisal of the loss." The language does not even specify that the award will be binding.

6. The effect of this language is to give Lighthouse an escape hatch from appraisal. First, as per the policy, appraisal is a condition precedent to filing suit, ensuring that appraisal is either invoked pre-litigation or compelled by the court. Second, the language quoted above allows Lighthouse to reject any part of the award based on its reservation that no binding policy issues are determined during the appraisal process.

7. Such language not only makes an appraisal pointless, it is clearly an effort to use appraisal as a litigation tactic to prejudice Plaintiff's rights and prevent full recovery under the law. The court in *Church on the Rock North v. Church Mut. Ins. Co.* denied an insurer's motion for summary judgment post-appraisal in part because of language that cast doubt on the intent of both parties to be bound by an appraisal award. *Church on the Rock North v. Church Mut. Ins. Co.*, 2013 WL 497879 at *8.

8. Lighthouse's policy language is clearly meant to prejudice Plaintiff's litigation rights by making the award subject to Lighthouse's approval if it does not agree with the award. Therefore, the Court should deny Defendant's motion to compel appraisal.

   **B. Plaintiff has a right to prove up other elements of his case notwithstanding appraisal. This case should not be abated.**

9. Plaintiff sued Lighthouse on multiple theories as outlined in his Original Petition. Among those claims, Plaintiff sued Defendant under a breach of Sections 541 and 542 of the Texas Insurance Code, multiple breach of contract claims, bad faith, fraud, as well as violations of the

DTPA. Appraisal does not prevent the insured from litigating a breach of contract claim with other evidence. *Cavazos v. State Farm Lloyds*, No. 7:14-CV-395 at *7 (S.D. Tex. Dec. 4, 2015) citing *Graber v. State Farm Lloyds*, No. 3:13-CV-2671-B, 2015 WL 3755030, at *4 (N.D. Tex. June 15, 2015)).

10. Plaintiff has the right to conduct discovery in order to prove up his claims on alternate theories for breach of contract. Those additional breaches of contract that remain at issue are failing to perform a reasonable inspection, including properly covered losses by such a reasonable inspection, and rendering Plaintiff's duties under the contract impossible. *See USAA Tex. Lloyds Co. v. Menchaca,* No. 14-0721, 2017 WL 1311752 (Tex. Apr. 7, 2017). Plaintiff's multiple contract claims and extra-contractual damages, based on different theories and actions, do not go away after appraisal. However, case law and Lighthouse's own policy clearly limits appraisal to a valuation of the loss. Therefore, Plaintiff has a right to pursue adequate discovery from all Defendants.

11. Again, by making appraisal a condition precedent to suit, Lighthouse's policy is written to prejudice Plaintiff's ability to conduct any discovery to prove his claims. The only reason this clause would be in an insurance policy is to further insulate the insurer against the threat of possibly discovering evidence of wrongful activity that would prove Plaintiff's claims of violation of the Texas Insurance Code.

12. Defendant's policy is not a negotiated, arm's length business transaction. It is a contract of adhesion built to give Defendant Lighthouse every possible out to avoid liability in litigation. A contract provision cannot abrogate gross negligence, an intentional tort or fraud because it is contrary to public policy. *See Solis v. Evins*, 951 S.W.2d 44 (Tex. App.—Corpus Christi May 22,

4

1997) and *Energy XXI, GOM, LLC v. New Tech Engineering*, 787 F.Supp.2d 590 (S.D. Tex. 2011).

## CONCLUSION

13. Appraisal and abatement are improper in this case. Lighthouse's appraisal clause prejudices Plaintiff's rights, and is being used as a litigation tactic in violation of *Universal Underwriters*. Appraisal is a waste of time and resources and would dispense with only one of Plaintiff's many claims against Defendant. Appraisal is clearly being used by Lighthouse as a litigation tactic in order to prevent Plaintiff from proving up other claims as alleged in his Original Petition. Therefore, the court should not compel appraisal or stay proceedings.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves this Court to Deny Lighthouse's Motion to Compel Appraisal and Stay Proceedings, and for such further relief as Plaintiff may be justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Kimberly N. Blum
Bar No. 24092148
455 E. Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the above has been forwarded to counsel of record via Certified U.S. Mail, facsimile, hand delivery, or electronic service on this day of November 26, 2017.

Marjorie M. Salazar
marjorie@monsonfirm.com
THE MONSON LAW FIRM
900 Rockmead Drive, Suite 141
Kingwood, Texas 77339
Harris, TX  75202-3975
Telephone: 281-612-1920
Facsimile: 281-612-1971

ATTORNEY FOR DEFENDANTS

                    /s/ *Chad T. Wilson*