IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON MINTON,<br>    Plaintiff | §<br>§<br>§ |
| v. | §    CIVIL ACTION NO. 4:17-cv-03012 |
| | § |
| LIGHTHOUSE PROPERTY INSURANCE<br>CORPORATION AND<br>TIMOTHY MERCER,<br>    Defendants | §<br>§<br>§<br>§ |

**DEFENDANT LIGHTHOUSE PROPERTY INSURANCE CORPORATION'S
OPPOSITION TO PLAINTIFF'S MOTION TO ABSTAIN AND REMAND**

Defendant, Lighthouse Property Insurance Corporation ("Lighthouse" or "Defendant") opposes Plaintiff's Motion to Abstain and Remand. The Court has jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because Plaintiff Jason Minton ("Minton") improperly joined Timothy Mercer ("Mercer") as a defendant to defeat diversity jurisdiction.

**NATURE AND STAGE OF PROCEEDINGS**

This suit arises out of a *bone fide* dispute about the damage to Minton's property under his homeowner's insurance policy issued by Lighthouse. On May 11, 2017, Minton reported that he had lifted and creased shingles due to a February 14, 2017, wind and hail storm. Lighthouse's investigation of the claim determined that the amount to repair the damage did not exceed the deductible. After receipt of the below-deductible letter, Minton did not provide any further information in dispute of Lighthouse's evaluation of the loss. Rather, Minton retained counsel, who sent a demand letter to Lighthouse on July 26, 2017, demanding $132,868.23, of which $39,690.37 was stated to be for repairs to the Property, but did not include any documentation to support the demand. On August 3, 2017, Lighthouse responded to the demand letter, asking

Minton's counsel to "Please provide the estimates justifying your allegations and then we will request appraisal so that the exact amount of damage to the home from wind can be determined." Lighthouse received no response to its August 3, 2017, letter. Rather, Minton filed this lawsuit on August 21, 2017, naming both Lighthouse and Mercer, the independent adjuster who inspected the home and prepared an estimate of damages.[1] Plaintiff asserts claims against Mercer for violations of Texas Insurance Code sections 541 and 542, the Deceptive Trade Practices Act, fraud, negligence, and gross negligence.[2]

Lighthouse removed the case from state court to this court based on diversity of citizenship as contemplated by 28 U.S.C. § 1332(a), because Mercer was improperly joined should be dismissed. In response, Plaintiff filed a Motion to Abstain and Remand. Plaintiff does not assert that the amount in controversy is less than $75,000 and there is no dispute that Mercer is a Texas citizen.

**STATEMENT OF THE ISSUE TO BE RULED UPON AND STANDARDS OF REVIEW**

The issue to be ruled upon is whether Plaintiff improperly joined Mercer to defeat diversity jurisdiction.

**1.    Removal and Improper Joinder.**

The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum if the in-state defendant was properly joined.[3] A defendant may establish improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

---

[1] The lawsuit was filed days before the new Texas Insurance Code § 542A took effect, and specifically 542A.006, which allows an insurance company to elect to accept whatever liability an "agent," which includes adjusters, may have, to prevent the agent from being joined as a defendant in a lawsuit, or to have the agent dismissed with prejudice if they are named, facilitating removal. That procedure is not available to Lighthouse in this case because it was filed the day before the effective day, but Lighthouse believes it is indicative of the Plaintiff's intent in adding Mercer to this lawsuit.
[2] Record Doc. 1-3, Plaintiff's Petition, pp. 12-16.
[3] *Smallwood v. Illinois Central R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*).

action against the non-diverse party in state court."[4] The second method, which is at issue in this case, requires the removing party to demonstrate that there is "no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[5] The court may either utilize a Rule 12(b)(6)-type analysis or a summary judgment-type inquiry to determine whether the plaintiff has established a cause of action under state law.[6] A summary judgment-type inquiry is required when there are few facts in the plaintiff's original petition.[7] Such a procedure requires that all disputed questions of fact be resolved in favor of the non-removing party.[8] The district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.[9] To survive an improper joinder challenge based on the inability of the plaintiff to establish a cause of action against the non-diverse party in state court, the court must find that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[10]

### 2. Rule 12(b)(6) Standard.

To demonstrate that Plaintiff failed to meet the federal pleading standard, the court may perform a Rule 12(b)(6)-type analysis.[11] In a Rule 12(b)(6)-type analysis, a federal court must apply the federal pleading standard to the original state court pleading.[12] In considering Rule 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint

---

[4] *Smallwood,* 385 F.3d at 573, *quoting Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003).
[5] *Id.* at 573.
[6] *Id.*
[7] *Id.*
[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000).
[9] *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).
[10] *Smallwood*, 385 F.3d at 573.
[11] *Id.*
[12] *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016).

as true.[13] Courts should "not look beyond the face of the pleadings" when determining whether the plaintiff has stated a claim under Rule 12(b)(6).[14] Although detailed factual allegations are not required to prevail on a Rule 12(b)(6) analysis, a plaintiff must allege "more than labels and conclusions, and [ ] formulaic recitation[s] of the elements of a cause of action" to "provide the 'grounds' of his 'entitle[ment] to relief.' "[15] The facts supporting the plaintiff's cause of action must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence.[16] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.[17] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[18] Moreover, under the federal pleading requirements, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."[19] A complaint is insufficient if it tenders "naked assertion[sl" devoid of "further factual enhancement."[20] While a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings.  The facts pleaded must suggest liability on the part of the in-state defendant.[21] If "a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim."[22] Ultimately, "if a plaintiff

---

[13] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).
[14] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citations omitted).
[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).
[16] *Id.*
[17] *Id.*
[18] *Id.* at 557 (brackets omitted).
[19] *Id.* at 555.
[20] *Id.* at 557.
[21] *Twombly* at 566-69.
[22] *Aspen Specialty Ins. Co. v. Muniz Eng'g, Inc.*, 514 F. Supp. 2d 972, 980 (S.D. Tex. 2007) (Harmon, J.) (*citing Kaiser Aluminum*, 677 F.2d at 1050).

can survive a Rule 12(b)(6) challenge, there is no improper joinder."[23]

### 3. Federal Rule of Civil Procedure 9(b) Standard.

Federal Rule of Civil Procedure Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "The Fifth Circuit requires a party asserting fraud to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"[24] Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud.[25] Claims alleging violations of the Texas Insurance Code and DTPA are subject to the requirements of Rule 9(b).[26]

## ARGUMENT

Nearly identical allegations in another lawsuit, *Pelletier v. Allstate Vehicle & Property Insurance Company*, No. 4:17-cv-177A, 2017 WL 1378166, (N.D. Tex. April 11, 2017) were found insufficient to state a cause of action against the adjuster.[27] Like that case, the Plaintiff's allegations against Mercer consist of labels and conclusions, and are devoid of specific facts. Moreover, Plaintiff does not allege that Mercer owed him any duty under the insurance policy or that he had authority to bind Lighthouse with regard to the policy. Mercer's role was to inspect the property and prepare an estimate of damages. He was not responsible for denying or paying the claim. Nor does Plaintiff allege a separate injury apart from that that would have resulted from a wrongful denial of policy benefits. Finally, there is no Texas cause of action for

---

[23] *Smallwood*, 385 F.3d at 573.
[24] **Exhibit 1** hereto, *Pelletier*, 2017 WL 1378166, *3, *quoting Hermann Holdings, Ltd. v. Lucent Techs., Inc.*, 302 P.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted).
[25] *Id.*, *quoting Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).
[26] *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 836 (S.D. Tex. 2011); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).
[27] See **Exhibit 1**, *Pelletier*.

negligent claims handling or insurance adjustment and no cause of action against adjusters for some of the causes of action Plaintiff asserts.

1. **Plaintiff's Allegations against Mercer in this Case Are Conclusory Allegations that Do Not Provide Details to Form the Basis for a Cause of Action or Meet the Requirements of the Federal Pleadings Standards.**

Plaintiff here has made only conclusory allegations against Mercer without any plausible facts to support them. Applying the federal pleading requirements established by *Twombly* and *lqbal,* the Plaintiff's Petition does not sufficiently allege a viable cause of action against Mercer. He has not specified the who, what, when, where, and how of the purported misrepresentations, fraud, and other statutory violations. Plaintiff's allegations against Mercer relate only to the investigation and scope of damage assessed, about which there is a dispute. A dispute about the amount of loss does not make an insurance adjuster's inspection or estimate fraudulent or violative of the Texas Insurance Code.

Plaintiff admits in his Petition that "Mercer found $423.91 in damage to the Property, which was below Plaintiff's deductible of $2,240.00."[28] Plaintiff alleges that the difference in Mercer's estimate with the Plaintiff's alleged third-party adjuster's evidences fraud, and that because of the low estimate, Mercer intentionally undervalued the claim or misrepresented the amount of damages and the amount of the repair cost. These allegations are conclusory--without any facts *to show* fraud or intentional undervaluation or misrepresentation. A "low" estimate is not, by itself, proof of fraud, misrepresentation, or violation of the Texas Insurance Code.[29] Plaintiff alleges that "Mercer made misrepresentations to Plaintiff to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Specifically, Mercer commented …that his roof was thirty years old and that no damage

---

[28] Doc. 1-3, Plaintiff's Petition, ¶17.
[29] **Exhibit 2**, *Sandra Di Tommaso v. State Farm Lloyds*, Case No. 7:15-cv-00274, 2016 WL 6883042, *3 (D.S. Tex. Sept. 28, 2016).

whatsoever was found."[30]  However, Plaintiff also alleges that Mercer found some damage to the roof, but that his estimate to repair the damage did not exceed the deductible.[31]  Thus, Plaintiff's allegations against Mercer are inconsistent.  The most specific allegations Plaintiff makes about Mercer is that he "authorized the repair of .33 roof squares," and "took out over 75% in depreciation on the roofing materials."[32] Plaintiff alleges that this was improper depreciation of the roofing material, because it was not near the end of its life span.[33]  However, Plaintiff does not allege how old the roof is.  He only alleges that it is a 25 year roof.  Application of 75 percent depreciation on a roof is not contrary to any Texas Insurance Code or DTPA provisions, nor is it fraudulent.  Homeowner's insurance policies like the one at issue here contain depreciation provisions that allow the insured to recover the withheld depreciation once the insured shows that he has repaired or replaced the items.  Plaintiff had opportunity before and after the inspection to provide details regarding the age of the roof.  Plaintiff also had the opportunity to allege the age of the roof in the Petition, but did not.  The dispute about the proper depreciation to apply to the roof is a dispute about the amount of loss, because the depreciation is factored into the damage calculations for actual cash value of the claim. Plaintiff offers only Mercer's application of depreciation and his resulting "low" estimate compared to Plaintiff's estimate, of which Plaintiff only says totals $39,960.37, and is not attached to the Petition.

     Plaintiff's claim that Mercer's estimated damages were "low" compared to his third-party adjuster's estimate is insufficient to establish a cause of action against Mercer.  Claims alleging violations of the Texas Insurance Code and DTPA are subject to the requirements of Rule 9(b).[34]

---

[30] Doc. 1-3, Plaintiff's Petition, ¶ 66.c.
[31] *Id.*
[32] *Id.*, ¶18.
[33] *Id.*
[34] *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 836 (S.D. Tex. 2011); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998)

Plaintiff's allegations about Mercer do not meet this standard. Likewise, Plaintiff's misrepresentation and fraud allegations are nearly identical to those in *Pelletier*, which were found insufficient. These allegations do no more than permit the Court to find the *possibility of misconduct* (assuming, for instance, Plaintiff could show some additional evidence, such as the true age of the roof being less than 2/3 of its expected lifespan), but do not establish a cause of action against Mercer.

The remainder of Plaintiff's allegations against Mercer simply track the statutory language of the Texas Insurance Code and the DTPA.[35] The Petition contains no factual allegations of any misrepresentations or untrue statements (or any statements at all) made by Mercer regarding the policy terms or rights under the policy or any statements relating to coverage. Plaintiff merely alleges insurance code violations against Mercer without any detail, tracking the statutory language, from paragraphs 57 – 61 and 63-64.

2. **No Cause of Action Exists against Mercer under Texas Insurance Code Sections 541.060(a)(2)(A) and 541.060(a)(3).**

Texas Insurance Code section 541.060(a)(2)(A) prohibits a failure "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of ... a claim with respect to which the insurer's liability has become reasonably clear." Most of the courts which have addressed this provision have determined that this section applies only to insurers, not to adjusters.[36] Adjusters cannot be liable under this section because they do not have

---

[35] Doc. 1-3, Plaintiff's Petition, at pp. 4-6, 11-15.
[36] *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F.Supp.3d 944 (S.D. Tex. 2016); **Exhibit 3**, *McClelland v. Chubb Lloyd's Ins. Co. of* Texas, No. 5:16-cv-00108, 2016 WL 5791206 (W.D. Tex. Sept. 9, 2016); **Exhibit 4**, *Meritt Buffalo Events Center, LLC v. Central Mutual. Ins. Co.*, No. 3:15-cv-374 I-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016); **Exhibit 5**, *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15-cv-1087-D, 2015 WL 5098047 (N.D. Tex. Aug. 31, 2015). But see **Exhibit 6**, *Robinson v. Allstate Texas Lloyds*, No. 1-1-16-1569, 2016 WL 3745962 (S.D. Tex. July 13, 2016) & **Exhibit 7**, *Roach v. Allstate Vehicle & Prop. Ins. Co.*, 2016 WL 7959678, at *5 (N.D. Tex. Feb. 29, 2016)

settlement authority on behalf of the insurer.[37] In any event, Plaintiff fails to allege that Mercer had authority to settle the claim which precludes him from establishing this cause of action.[38]

In addition to the failure to plead any supporting facts, §541.060(a)(3) fails because it does not apply to adjusters, because they do not have any obligation to provide a policyholder with a reasonable explanation of the basis in the policy for the insurer's denial of a claim.[39] Alternatively, Plaintiff's allegations against Mercer regarding these sections are mere recitations of the statutes and do not allege any facts to establish a cause of action against him.

Plaintiff's claims under the DTPA are premised upon Insurance Code violations. Because the Petition does not adequately plead a cause of action under the Insurance Code, there can be no recovery under the DTPA. Further, claims under the DTPA are subject to the heightened pleading standards under Rule 9(b), F.R.C.P.[40] At a minimum, Rule 9(b) requires allegations of time, place, and contents of false representations. "In other words, a plaintiff must plead the 'who, what, when, where, and how' of the fraud."[41] Plaintiff does not plead this required information, but merely recites the statutory language without any supporting facts.

### 3. Plaintiff's Fraud Allegations Are Insufficient.

The elements of a fraud claim are (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce Plaintiff to act upon the representation; and (4) Plaintiff actually and justifiably relied upon the representation

---

[37] *Lopez*, 197 F. Supp.3d at 950; **Exhibit 4**, *Merritt Buffalo*, 2016 WL 931217 at *4; **Exhibit 5**, *Mainali Corp.*, 2016 WL 5098047 at *4.
[38] **Exhibit 3**, *McClelland*, 2016 WL 5791206 at *3.
[39] *Id.*
[40] *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp.2d 831 (S.D. Tex. 2011); *Berry v. Indianapolis Life Ins. Co.*, 6085 F. Supp.2d 785, 800 (N.D. Tex. 2009).
[41] *Lopez*, 197 F. Supp.3d at 951, *quoting Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

and thereby suffered injury.[42] In addition, Rule 9(b), F.R.C.P. requires a plaintiff alleging fraud to state with particular the circumstances constituting fraud. As discussed *supra*, Plaintiff has not met this threshold. Plaintiff does not detail Mercer's specific false representation. Nor does Plaintiff show how he relied upon any supposed fraudulent statements and how he would have acted differently if the alleged fraudulent statements had not been made. Thus, Plaintiff's fraud claims are insufficient.

### 4.    Negligent Claims Handling Is not a Recognized Cause of Action.

Plaintiff's negligence and gross negligence claims are nothing more than an allegation of negligent claims handling--which is not a recognized cause of action.[43] There is no reasonable basis upon which Plaintiff could recover against Mercer for her negligence claims.

### 5.    Plaintiff Does Not Allege an Independent Injury to Support His Claims for Extra-Contractual Damages.

Recovery for extra-contractual damages for mishandling claims is not available "unless the complained of acts or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits."[44] The way the claim was investigated must be the proximate cause of the Plaintiff's damages.[45] Plaintiff's Petition does not allege any such separate injury. He only alleges that he is owed more money under the insurance policy.

---

[42] *Ernst & Young, LLP v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).
[43] *See Bui v. St. Paul Mercury Ins. Co,* 981 F.2d 209, 210 (5th Cir. 1994)(stating there is no negligent insurance adjusting claim in Texas); *Rooters v. State Farm Lloyds,* 428 F.App'x 441, 448 (5th Cir. 2011)(stating Texas does not recognize a cause of action for negligent claims handling).
[44] *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002).
[45] *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999); *Provident Am. Inc. Co. v. Castaneda*, 988 S.W.2d 189, 99 (Tex. 1998).

**CONCLUSION**

Plaintiff's allegations against Mercer are conclusory allegations that do not provide any details to form the basis for a cause of action or meet the requirements of the federal pleading standards. Plaintiff's allegations do not demonstrate a plausible right to relief against Mercer for the claims alleged. Plaintiff pleads only conclusory and generic assertions of purported misconduct and recitations of statutes, unsupported by specific facts regarding the adjuster Mercer. Additionally, Plaintiff does not allege that Mercer owed him a duty. Such allegations are insufficient to survive an improper-joinder challenge. Moreover, there is no cause of action against adjusters for negligent claims-handling or violations of Texas Insurance Code sections 541.060(a)(2)(A) and 541.060(a)(3). Plaintiff's extra-contractual claims are also insufficient because he does not allege that he sustained injuries independent from those that would have resulted from a wrongful denial of policy benefits. Because Plaintiff's claims against Mercer do not establish more than the *possibility* of recovery against him, and do not cross the line to plausibility of entitlement to relief. Therefore, the Court should disregard Mercer's citizenship for purposes of determining diversity jurisdiction, dismiss the claims against him, and deny the Plaintiff's Motion to Abstain and Remand.

Respectfully submitted,

*/s/ Marjorie M. Salazar*
Marjorie M. Salazar
Attorney-in-charge
Texas Bar No. 24033030
Federal Bar No. 1121045
**THE MONSON LAW FIRM**
900 Rockmead Drive, Suite 141
Kingwood, Texas 77339
Telephone: (281) 612-1920
Facsimile: (281) 612-1971
marjorie@monsonfirm.com
ATTORNEY FOR DEFENDANT LIGHTHOUSE PROPERTY INSURANCE CORPORATION

## **CERTIFICATE OF SERVICE**

   This is to certify that a true and correct copy of the above pleading has been forwarded by electronic service on this, the 26th day of November, 2017 to:

Chad T. Wilson
Kimberly N. Blum
Chad T. Wilson Law Firm
455 East Medical Center Boulevard, Suite 555
Webster, TX 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

              */s/ Marjorie M. Salazar*
              Marjorie M. Salazar